# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2012

Lyle W. Cayce
Clerk

No. 11-10538
Summary Calendar

JEREMY RYAN HADDIX,

Plaintiff-Appellant

v.

STATE OF TEXAS; JUSTIN SMITH; KENNETH MOSER; MICHAEL
GAUDET; STEPHANIE MILLER; BILL MOORE; ROBERT MAYFIELD;
RICARDO DE LOS SANTOS; SHELLY FOWLER; ROBERT E. LUTTRELL;
PERSON(S) UNKNOWN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2434

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Probationer Jeremy Ryan Haddix filed the instant civil rights suit to seek redress for the alleged wrongful actions of several police officers, prosecutors, a judge, his court-appointed attorneys, Texas state lawmakers, and Texas law enforcement personnel in connection with his arrest and no-contest-plea conviction for possession of a prohibited weapon. The district court dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10538

his suit as frivolous under 28 U.S.C. § 1915(e)(2)(B) and denied his request to proceed in forma pauperis (IFP) on appeal.  This court is now presented with Haddix's IFP motion, and he has also filed his appellate brief.

By moving for IFP status in this court, Haddix challenges the district court's denial of his request for leave to proceed IFP on appeal, which was grounded in its determination that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Consistent with his filings in the district court, Haddix's brief to this court contains little law and many conclusional allegations.  All of his contentions are centered on his thesis that his arrest, prosecution, and conviction are invalid.  He insists that the initial traffic stop that led to officers' discovery of the weapon in his vehicle was flawed and that the subsequent criminal proceedings are the result of both deliberate and negligent misdeeds by various state actors.  Under Haddix's view, he raised meritorious claims against the prosecutors, his appointed attorneys, the judge, police officers, lawmakers, and law enforcement personnel.  These claims are not, he avers, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Further, he asserts that his case was not amenable to preliminary screening, that certain parties conspired to wrong him, and that he is entitled to relief under *Brady v. Maryland*, 373 U.S. 83 (1963).  Finally, he argues that the district court's conclusions concerning prosecutorial, judicial, and sovereign immunity were incorrect.

Our review of Haddix's filings and pertinent authority shows that his appeal is without arguable merit and thus is not taken in good faith. Consequently, his IFP motion is DENIED, and this appeal is DISMISSED AS

2

No. 11-10538

FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.